Curia, per Evans, J.
There can be no doubt that Colin McRae was the legal owner of this note, and that at law, on his death, the right devolved on his administrator, to whom the money belongs, unless the plaintiffs can show some right to receive it in opposition to the administrator. If Colin McRae had delivered the note to the plaintiffs without endorsement or assignment, this would have authorized the use of his name to sue for and recover it, and when recovered, the plaintiffs, having an equitable interest, would have been entitled to receive it. So far, this court has recognized in various cases the equitable rights of those who have no legal rights. The counsel for the plaintiffs, foreseeing this objection, has put his case on the ground, that Colin McRae was but the agent of the plaintiff’s wife, his ward, of which the note affords evidence, being made payable to him as guardian. There are cases where the principal may "recover on a contract made with his agent, where the contract was made solely for the benefit of the principal, and the agent had no interest in it. This was the case in Allen v. Brazer. But he has utterly failed to show any authority for the assumption that the guardian is the agent of his ward. The guardian is bound to maintain and educate his ward, according to her estate and position in society; and to enable him to do this, the law gives him, in virtue of his office, a right to receive the profits of her estate to indemnify him for the expense of her maintenance and education. All the interest which the ward has in these profits, is to have an account of the manner of the expenditure, in the proper forum. The circumstance that Colin McRae is dead and insolvent, cannot vary the case. We must consider the case as if he were alive and solvent. If the plaintiffs have any rights founded on the supposed agency and the words of the note, these existed at the date of the note, and she could as well have resisted the right of her guardian to receive the money, as the right of his legal representative.
It is every day’s practice for Executors and Administrators to take notes payable to them as Executors or Administrators, but I suppose no one would contend that a distributee or an administrator de bonis non could either sue in his own name, or resist the right of the personal representative of the payee to receive the money. There may be cases in which Equity would interfere, as was done in Glass v. Baxter ; and in cases of pure agency, a court of law might sustain an action to recover possession of a noté which was made *74 ble to an agent, as in the case of The City Council v. Duncan. But this is not a court of Equity, and the case is not one of mere agency.
The motion must, therefore, be dismissed.
Warulaw, Frost and Withers, JJ. concurred.

Motion refused.